**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MILLENIUM HOLDING GROUP, INC., | No. 08-16232 |
| Plaintiff - Appellant, | D.C. No. 2:05-CV-00356-JCM-LRL |
| v. | |
| SUTURA, INC., et al. | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 7, 2009 [**]
San Francisco, California

Before: THOMPSON and THOMAS, Circuit Judges, and ALDRICH, [***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ann Aldrich, United States District Court for the
Northern District of Ohio, sitting by designation.

Millenium Holding Group, Inc. ("Millenium") appeals the district court's grant of summary judgment in its suit against Sutura, Inc. ("Sutura"), Fusion Capital Fund II, LLC ("Fusion Fund"), and Fusion Capital Partners, LLC ("Fusion Partners"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court.

Millenium claims that the district court erred by failing to consider its claim that Sutura repudiated the agreement before Millenium's performance was due. Because Millenium did not properly raise this argument before the district court, and no exceptional circumstances justify consideration on appeal, we decline to address the claim and affirm the district court's grant of summary judgment.

Millenium also claims that the district court erred by granting summary judgment in favor of Sutura, Fusion Fund, and Fusion Partners on the conspiracy claim. The district court properly granted summary judgment because Millenium failed to produce evidence that gives rise to a genuine issue of material fact as to whether a conspiracy occurred. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1093 (9th Cir. 1999) (finding that a plaintiff must present either direct evidence that a conspiracy occurred or circumstantial evidence from which a reasonable factfinder could conclude that a conspiracy occurred to survive a motion for summary judgment on a conspiracy claim).

**AFFIRMED.**